UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONNIE A. NOEL                                    CIVIL ACTION

VERSUS                                            NUMBER: 09-7730

WARDEN HOWARD PRINCE                              SECTION: "F"(5)


**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Ronnie A. Noel, the State's response thereto and Noel's reply. (Rec. docs. 1, 11, 12). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the instant petition be dismissed with prejudice.

**PROCEDURAL HISTORY**

Petitioner Noel is a state prisoner who is presently incarcerated at Hunt Correctional Center, St. Gabriel, Louisiana. Noel, along with co-defendant Tony Mosely, was charged by bill of information with two counts of simple burglary, violations of La.R.S. 14:62. Noel pled not guilty. He subsequently filed a

motion to quash the bill of information. The district court denied his motion to quash. Thereafter, Noel withdrew his former plea of not guilty and entered a Crosby plea of guilty as charged to both counts, reserving his right to appeal the court's ruling on the motion to quash. See State v. Crosby, 338 So.2d 584 (La. 1976).[1] Noel was sentenced in the Twenty-Second Judicial District Court, Parish of St. Tammany, to ten years imprisonment at hard labor for each count, with the sentences to run concurrently. On November 14, 2008, the Louisiana First Circuit Court of Appeal affirmed Noel's convictions and sentences. State v. Noel, 997 So.2d 879 (La. App. 1 Cir. 2008). On October 30, 2009, the Louisiana Supreme Court denied petitioner's writ application. State v. Noel, 21 So.3d 273 (La. 2009).

Following the conclusion of his direct appeal proceedings, Noel did not seek state post-conviction relief, but instead, filed a petition with this Court seeking federal habeas relief. In his habeas petition, Noel claims that he was improperly convicted of simple burglary because his actions did not meet the definition of simple burglary as set forth in La. R.S. 14:62A. In its response (rec. doc. 11, pp. 2-3), the State argues that Noel's habeas petition is untimely. Based upon the following, the Court

---

[1]Co-defendant Tony Mosely went to trial and was found guilty as charged.

disagrees.

**TIMELINESS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[2] a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. §2254. This one-year period generally commences to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A) (West 2010).

Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Noel had thirty days, from November 14, 2008, when the state appellate court affirmed Noel's convictions and sentences, until December 15, 2008, in which to timely seek relief from the Louisiana Supreme Court.[3] Noel, however, according to the State, did not seek relief from the Louisiana Supreme Court until December 18, 2008, three days after his deadline. Thus, the State

---

[2]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

[3]Because December 14, 2008, the actual day on which the thirty-day time limit expired, fell on a Sunday, Noel had an extra day, until December 15, 2008, within which to timely file a writ application with the Louisiana Supreme Court.

3

contends that December 15, 2008,[4] is when Noel's time for seeking review expired and, therefore, represents the date his one-year prescriptive period commenced to run. See Butler v. Cain, 533 F.3d 314, 316-318 (5th Cir. 2008).

The State bases its assertion that petitioner did not file his writ application with the Louisiana Supreme Court until December 18, 2008, upon the handwritten notation, "12/18/08", set forth on petitioner's Louisiana Supreme Court writ application.[5] The State refers to December 18, 2008, as the date petitioner's writ application to the Louisiana Supreme Court "was metered". (Rec. doc. 11, p. 3).

In Causey v. Cain, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit determined that the federal "mailbox rule" should be employed when determining the filing date of state court pleadings for purposes of determining the timeliness of a federal habeas petition. Under the "mailbox rule," the date a pro se prisoner's pleading is provided to prison officials for mailing,

---

[4]In actuality, the State utilizes December 14, 2008, precisely thirty days following the Louisiana First Circuit's adverse decision, as the start-up date for the running of prescription. However, as explained above, because December 14, 2008, fell on a Sunday, Noel's actual deadline was one day later, on Monday, December 15, 2008.

[5]A copy of petitioner's writ application to the Louisiana Supreme Court is contained in the State rec., vol. 4 of 4.

rather than the date the pleading is received by the court, is the date it is considered filed.  See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing.  See Colarte v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La. 1999).

Noel signed his writ application to the Louisiana Supreme Court on December 13, 2008.  Noel requested that funds be withdrawn from his inmate account for "Legal Mail - Supreme Court", on "12/14/08".[6]

In the Court's opinion, December 14, 2008, the date Noel sought funds for the mailing of his writ application to the Louisiana Supreme Court, most closely represents the date he provided his pleading to prison officials for mailing and, as such, is the date which should be used as the filing date of Noel's writ application to the Louisiana Supreme Court for purposes of determining the timeliness of the instant action.  See Causey, supra.  Accordingly, Noel's writ application to the Louisiana Supreme Court was timely filed prior to his December 15, 2008 deadline and, therefore, tolled his one-year prescriptive period.

---

[6]This information was ascertained from Noel's "Inmate Funds Withdrawal Request", a copy of which is attached as an exhibit to Noel's "Response to Defendant's Answer to Petition of Writ of Habeas Corpus" (rec. doc. 12).

Based upon the above, Noel's simple burglary convictions did not become final until October 30, 2009, when the Louisiana Supreme Court denied his writ application. His time for seeking review did not expire until ninety days later, on January 28, 2010, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000)(citing 28 U.S.C. §2244(d)(1)(A)); see also United States v. Gamble, 208 F.3d 536 (5th Cir. 2000).

Noel filed the instant action on or about December 4, 2009, over a month before his time for seeking review expired. Thus, Noel's federal habeas corpus petition is not time-barred.[7]

**EXHAUSTION**

The State, in its response (rec. doc. 11, pp. 4-5), claims that Noel has failed to exhaust his state court remedies as required under Rose v. Lundy, 455 U.S. 509 (1982). However, this Court chooses to proceed to address the merits of the instant action. Under the provisions of 28 U.S.C. §2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the

---

[7]The State asserts that Noel filed his habeas petition on December 17, 2009 (rec. doc. 11, p. 3). However, December 17, 2009, represents the date Noel's petition was received and filed by this Court. December 4, 2009, represents the date Noel signed his federal habeas petition. Regardless of which date is utilized, the instant action is timely.

6

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

**FACTS**[8]

On February 24, 2007, Noel, who was in a wheelchair, and an accomplice, Mosely, entered Office Depot on Gause Boulevard in Slidell, Louisiana. Without detection, they proceeded to the employee lounge. The door to the employee lounge was marked "Employees Only." Office Depot employees stored their personal belongings in lockers in the employee lounge. Noel and/or Mosely cut off the locks that were securing the lockers of employees Karen Landry and Angelle Noullet. Noel and Mosely took Landry's and Noullet's purses from the lockers and removed the valuables from them. The purses were discarded in the trash bin inside the handicap stall of the Office Depot men's restroom. Noel and Mosely left the store and, a short while later, Slidell police found them near the entrance of Walgreens on Gause Boulevard. Mosely was in possession of Landry's checkbook. Noel was in possession of Noullet's driver's license, Sam's Club card, various gift cards, and checkbook. Noel was also in possession of Landry's Capital One debit card.

---

[8]The relevant facts are as found by the state appellate court in the opinion rendered in connection with Noel's direct appeal. See State v. Noel, 997 So.2d 879, 880 (La. App. 1 Cir. 2008).

7

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. §2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under §2254(d)(1) and questions of fact are reviewed under §2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). The United States Supreme Court has noted:

> §2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it

8

> to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2); see also Hill, 210 F.3d at 485; 28 U.S.C. §2254(e)(1).

## **ANALYSIS**

Simple burglary, the crime for which Noel was convicted, is defined, in pertinent part, under La. R.S. 14:62A as follows:

> Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein . . . .

Noel argued on direct appeal that because Office Depot, the structure which he entered, was open to the public, his entry cannot be considered to have been an "unauthorized" and, therefore, violative of La. R.S. 14:62A.

The Louisiana First Circuit Court of Appeal, addressing the

9

above argument, found it to be "baseless". Noel, 997 So.2d at 881. The court determined that the Office Depot employee lounge was a "structure within a structure" and, as such, Noel's unauthorized entry into the employee lounge fit the definition of simple burglary as set forth in La. R.S. 14:62A. Id.

Noel, in his federal habeas petition, challenges the Louisiana First Circuit's interpretation of La. R.S. 14:62A. According to Noel, the state appellate court's determination that a "structure within a structure", such as the employee lounge within the Office Depot, constitutes a "structure", as set forth under La. R.S. 14:62A, represents an unlawful expansion of the statute.

It is well-established that it is not the province of a federal court, on habeas review, to reexamine state court determinations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005), citing, Estelle, 502 U.S. at 67-68; Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). See also Woodfox v. Cain, 609 F.3d 774, 816 (5th Cir. 2010) (citation omitted) ("On habeas review we will defer to a state court's interpretation and application of state law because

we search only for violation of federal law.").

In Fierro v. Lynaugh, 879 F.2d 1276, 1277 (5th Cir. 1989), cert. denied, 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990), the facts established that Fierro killed his victim, a cab driver, while he was being driven to his destination. Thereafter, Fierro drove the cab to a park, dragged the body "some distance", shot the victim again, then took his wallet, watch and jacket. Fierro was convicted on the charge of committing a murder in the course of committing a robbery in violation of Tex. Penal Code §19.03(a)(2), a crime subjecting Fierro to the death penalty.

On federal habeas review, Fierro argued, in pertinent part, that the state courts, in determining that his conduct was encompassed by the above statute, engaged in an "expansive reading" of the statute. Id. at 1278. According to Fierro, such a broad interpretation of state law constituted a violation of his constitutional rights "by expanding the class of criminals subject to the death penalty in Texas." Id.

The United States Fifth Circuit Court of Appeal rejected Fierro's argument, reasoning:

> The state court found that Fierro's conduct fits within the statutorily defined offense of capital murder. On a petition for writ of habeas corpus, a federal court defers to the state court's interpretation of state law. Seaton v. Procunier, 750 F.2d 366, 368 (5th Cir. 1985).

> The federal court searches only for violations of federal law. 28 U.S.C. §2254(a); Smith v. McCotter, 786 F.2d 697, 700 (5th Cir.1986). Since we cannot find that the conviction under this statute was improper as a matter of state law, we have no reason to hold that the state has enlarged the class of persons subject to the death penalty. Accordingly, we find no federal constitutional violation in applying this statute to Fierro's conduct.

Id.

As was the situation in Fierro, this Court, in the instant matter, cannot find that Noel's conviction under LSA-R.S. 14:62 was improper as a matter of state law. Accordingly, the Court has no reason to hold that the state has unlawfully enlarged the class of persons subject to being prosecuted on the charge of simple battery. Therefore, the Court finds no federal constitutional violation in applying La. R.S. 14:62 to Noel's conduct.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the instant application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(<u>en banc</u>).[9]

New Orleans, Louisiana, this 26th day of August, 2010.

/s/ Alma L. Chasez<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE

---

[9]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.